MUAGUTUTI'A TUIA FOR TUANA'ITAU FAMILY
and PAVA'IA'I VILLAGE,
ALAI'A FAMILY and FALENIU VILLAGE,
MAGALEI TALIO FOR MAGALEI FAMILY,
SIUFANUA AITU FOR SIUFANUA FAMILY,
AUFATA FONOTI FOR FONOTI FAMILY,
ATUALEVAO W. MEREDITH FOR SALEMEANA'I FAMILY,
Plaintiffs

v.

F. V. VAOVASA, REGISTRAR,
GOVERNMENT OF AMERICAN SAMOA;
OTTO HALECK OF PAVA'IA'I VILLAGE,
Defendants

No. 1198-1971

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

[Land: "Naumati" near Pava'ia'i]

May 18, 1973

The above entitled case came on for hearing before the HONORABLE LESLIE N. JOCHIMSEN, *Associate Justice,* presiding; T. A. MASANIAI, *Associate Judge;* and FE'A ENE I. SAGAIGA, *Associate Judge.*

The record herein discloses that on or about April 14, 1969, Otto Haleck made application to register a parcel of land known as NAUMATI composed of 66.84 acres, more or less. This application was accompanied by Drawing No. RPS 2-5-69 prepared by Mulivanu P. A. Tua'olo, Lands and Surveys, Government of American Samoa.

That Deputy Territorial Registrar, Tua Falemanu, did post a Public Notice of the registration upon the Bulletin Board of the Courthouse, Fagatogo, American Samoa, on or about the 14th day of April, 1969. Said notice remained posted for sixty (60) days as required by Section 10.0112, Revised Code of American Samoa. That Deputy Tua Falemanu did also post two (2) Public Notices at Maota tree and upon a telephone in Tafuna.

A Surveyor and Pulenu'u Certificate signed by Mulivanu P. A. Tua'olo, Surveyor, and U. Galoia, Pulenu'u of the village of Pava'ia'i, was filed certifying that the Pulenu'u gave public oral notice in Pava'ia'i at a meeting of the chiefs thereof, of the time and place of the intended survey, in order that other interested landowners might have an opportunity to be present thereat.

That during the sixty day period of posting of Public Notice no person did claim an interest in the land adverse to the applicant, Otto Haleck.

That on or about the 7th day of July, 1969, the Registrar Vaovasa [did] register said land in the name of Otto Haleck as individually owned land, which registration is filed on page 120 of the Registration of Native Land.

Thereafter this action was brought by the plaintiffs alleging that Notice and posting should have been given in Faleniu and Pava'ia'i as well as Tafuna, and the failure to so do voids the registration.

A Motion for Summary Judgment was filed by the defendants on January 5, 1972, and argued in Court on August 17, 1972, and continued to December 11, 1972. A

hearing on the Motion was held and the question as to how to determine which village is nearest was presented to the Court, specifically, to what point in a village would be the correct point to start in measuring to the offered land. The opinion of the Court was filed on February 15, 1973, in which the Court found that the boundary of the village in [sic] the correct starting point. The present hearing was held on April 25, 1973, to determine whether Tafuna was nearest.

 The defendant upon filing the Motion for a Summary Judgment assumed the burden of establishing that all of the requirements of the Statute, Section 10.0112, Revised Code of American Samoa have been complied with.

The defendant called several witnesses to attempt to establish that Tafuna was the nearest village, but their testimony was based on the erroneous understanding that the measurement was made from the cluster of houses, and was therefor of no value.

The Government surveyor, Mulivanu P. A. Tua'olo, was called and testified that from his observations and from reference to aerial maps he concluded Tafuna to be nearest. He further concluded that no village lands of any village extended into the property. However he previously had signed an affidavit that Pava'ia'i was nearest and the legend on the map signed by him and submitted indicates the land to be in the village of Tafuna. The testimony offered is confused, and so the Court finds the defendant failed to establish by a preponderance of the evidence that Tafuna is the nearest village.

 Another matter of equal importance is that the early procedural steps were not in accordance with the statute. The announcement was made in Pava'ia'i, and the posting was done in Tafuna. Clearly the law requires the announcement and the posting to be done in the same village. For

107

these reasons the Court finds the registration made on July 7, 1969 to have been made in error.

IT IS THEREFORE THE JUDGMENT OF THE COURT THAT:

I

The Registration filed on page 120 of the Registration of Native Land registering the referenced land in the name of OTTO HALECK be and the same is hereby declared void, and shall be held for naught.

II

The Registrar is hereby Ordered and Directed to correct his records in accordance with this Judgment.